No. 733

WORKMAN v. STATE

Ohio Appeals, 9th Dist., Summit Co.

No. 1229. Decided Dec. 3, 1926.

First Publication of this Opinion.

333. CRIMINAL LAW.—400. Discretion.— Where evidence justified plea of guilty and accused was not misled as to suspension of sentence, refusal of court, after sentence, to permit withdrawal of plea of guilty and entry of plea of not guilty, not abuse of discretion.

Error to Common Pleas.
Judgment affirmed.

Commins, Brouse, Englebeck & McDowell, Akron, for Workman.

G. W. Booth, Pros. Atty., and D. H. Schaffner, Asst. Pros. Atty., Akron, for State.

PER CURIAM.

Edith Workman was indicted in April, 1926, by the grand jury of Summit County for eight different offenses. On May 12, 1926, she entered a plea of not guilty to these indictments; but on May 12th, she withdrew said plea and entered one of guilty to indictment number 12634.

The matter was continued to May 21, 1926, upon which day the court received evidence to determine whether or not defendant was entitled to a suspension of the imposition of sentence; and subsequently refused to suspend the imposition of sentence and she was sentenced to the reformatory for women.

The prosecuting attorney having consented to a delay of the execution to convey defendant to the reformatory, on July 10, 1926, she made application for permission to withdraw her plea of guilty and again enter a plea of not guilty to the indictment. The court refused to grant same and a petition in error was filed in this court. Defendant sought to reverse the judgment of the trial court, it being claimed that the court had abused its discretion.

No claim is made here and none was made in the trial court, that defendant was misled in any way by anyone, or led to believe that if she entered a plea of guilty, the imposition of sentence would be suspended.

From an examination of evidence, as contained in the bill of exceptions, defendant was fully justified in entering the plea of guilty, and the trial court did not commit error in refusing her application for leave to withdraw her former plea of guilty and enter a plea of not guilty to the indictment.

(Pardee, PJ., Washburn and Funk, JJ., concur.)